USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
JACQUELINE FISHER,  :
 :
                          Plaintiff, :                              1:15-cv-283-GHW
 :
-v - :
 :                                 ORDER
AETNA LIFE INSURANCE COMPANY,  :
 :
                        Defendant. :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

        On August 19, 2020, the parties submitted a joint letter agreeing that the Court should certify a final judgment under Federal Rule of Civil Procedure 54(b) on count one of Plaintiff's complaint. *See* Fed. R. Civ. P. 54(b) ("When an action presents more than one claim for relief— whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court dismissed count one after a bench trial. *See Fisher v. Aetna Life Ins. Co. (Fisher I)*, No. 1:15-cv-283 (GHW), 2020 WL 2792994 (S.D.N.Y. May 29, 2020).

        The parties also agree that the Court should certify for interlocutory appeal the Court's prior opinion granting in part and denying in part each party's motion for summary judgment on count two of Fisher's complaint. *See Fisher v. Aetna Life Ins. Co. (Fisher II)*, No. 1:15-cv-283-GHW, 2020 WL 4700935 (S.D.N.Y. Aug. 12, 2020); *see also* 28 U.S.C. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.").

The Court agrees with the parties. Accordingly, the Court directs entry of a final judgment as to count one of Fisher's complaint under Rule 54(b) because there is no just reason for delay. The Court also certifies its opinion in *Fisher II* for interlocutory appeal under 28 U.S.C. § 1292(b) because it satisfies the standard described in that statute. The case is stayed pending further action from the court of appeals

SO ORDERED.

Dated: August 19, 2020
New York, New York

GREGORY H. WOODS
United States District Judge